UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| EMMANUAL BAUTISTA-AGUAYO, | Case No. 3:17-cv-00053-DCN |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| BENJAMIN K. LEE, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant Benjamin K. Lee's Motion for Summary Judgment. Dkt. 20. Also pending is Plaintiff Emmanual Bautista-Aguayo's Motion to Take Judicial Notice. Dkt. 24.

The Motions are fully briefed and ripe for the Court's review. Having reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(2)(ii). For the reasons set forth below, the Court

GRANTS Defendant Lee's Summary Judgment Motion[1] and DENIES Plaintiff Bautista-Aguayo's Motion to Take Judicial Notice.[2]

## II. BACKGROUND

Plaintiff Bautista-Aguayo is an inmate in the custody of the Idaho Department of Corrections ("IDOC"). Bautista-Aguayo asserts that, on November 4, 2014, at the Idaho State Correctional Institution ("ISCI"), the Defendant, Sergeant Benjamin K. Lee sexually assaulted him while performing a body search. Bautista-Aguayo filed a Prisoner Civil Rights Complaint with the Court on February 2, 2017. The Court issued an Initial Review Order allowing Bautista-Aguayo to proceed against Lee. In a Successive Review Order, the Court noted that Bautista-Aguayo had attached a grievance to his Amended Complaint appearing to show that he had exhausted any available administrative remedies as required. The Successive Review Order also allowed Lee the opportunity to file a Motion of Summary Judgment. Lee subsequently filed a Motion for Summary Judgment claiming Bautista-Aguayo's claim has not been administratively exhausted as required under 42 U.S.C. § 1997e(a) and further, that his claim is barred by the applicable statute of limitations.

---

[1] Originally, Bautista-Aguayo named multiple defendants in this lawsuit. As part of a Successive Review Order, the Court dismissed the majority of those defendants. *See* Dkt.15. For clarity, the case caption only includes the defendant still remaining in the case.

[2] The Court finds that Plaintiff's Motion to Take Judicial Notice of two unrelated cases is Moot and therefore need not apply further inquiry.

# III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[] the facts in the non-moving party's favor." *Id*.

To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of the respondent could return a verdict in [his or her] favor." *Id*. (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Productions, Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

# IV. ANALYSIS

## A. Exhausting of Administrative Process

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Woodford v. Ngo*, 548 U.S. 81, 87-88 (2006) (emphasis original) (quoting 42 U.S.C. § 1997e(a) (2000 ed.)). "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'" *Woodford*, 548 U.S. at 88-89(quoting *McKart v. United States*, 395 U.S. 185, 193 (1969)). Exhaustion requires both following the proper steps set forward by the administrative agency and doing so properly. *Woodford*, 548 U.S. at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).

"[W]hether the administrative process actually produces a result that satisfies the inmate is not the appropriate inquiry. Instead, courts merely need to ask whether the institution has an internal administrative grievance process in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim." *Massey v. Helman*, 196 F.3d 727, 733-34 (7th Cir. 1999); *accord Booth v. Churner*, 532 U.S. 731, 737-41 (2001).

In the present case, the administrative agency that Bautista-Aguayo reports to is IDOC. IDOC has an administrative grievance process set up for precisely these instances and it has been adhering to these procedures since 1990. The IDOC offender grievance process is set forth in the Department's Standard Operating Procedure 316.02.01.001. The grievance process may be used by offenders for most things that affect them during incarceration. The IDOC grievance process is a three-step process and the offender must complete all three steps (or levels) in order to exhaust the administrative grievance process. The process requires the inmate to: (1) Seek an informal resolution of the matter by completing an Offender Concern Form, (2) Complete a Grievance Form if an informal resolution cannot be accomplished, and (3) File an appeal of the response to the grievance form.[3] Upon completion of all three steps, the inmate grievance process is exhausted.

The Court has reviewed Emmanual Bautista-Aguayo's grievance history from January 2014 through December 31, 2017. As is stands, Bautista-Aguayo submitted four grievances during this time. The record states that Bautista-Aguayo grieved the following issues within the time frame stated:

1. On August 12, 2014, Bautista-Aguayo submitted an Offender Concerns Form based on his earbuds being taken. This grievance only reached level one and

---

[3] These references on the IDOC Administrative Grievance Process are found in Lee's Statement of Undisputed Material Facts. Dkt. 22.

was returned without action to Bautista-Aguayo. Bautista-Aguayo did not seek review.

2. On March 15, 2015, Bautista-Aguayo submitted an Offender Concerns Form desiring outside mental health treatment. This grievance failed to comply with grievance procedures, only reached level one, and was returned without action to Bautista-Aguayo. Bautista-Aguayo did not seek review.

3. On March 16, 2015, Bautista-Aguayo correctly filed an Offender Concerns Form alleging that he was suffering mental health problems as a result of the alleged assault and requested to see an outside mental health provider. This grievance went through the entire process—response, review, appeal—and was fully disposed of on May 27, 2015. Ultimately, each reviewer found that Bautista-Aguayo was not entitled to outside medical health treatment.

4. On July 2, 2015, Bautista-Aguayo filed a follow-up grievance to his March 16, 2015, grievance alleging that even though he was enrolled in PSTD classes, he needed outside mental health counseling. This grievance also went through the entire process and was fully and finally disposed of on August 10, 2015, for the same reasons as his March 16, 2015, grievance.

Dkt. 20-5, 20-6, 20-7. As for grievances one and two, these grievances only reached step one and did not proceed to step two or three. Accordingly, Bautista-Aguayo did not fully and finally grieve the issues in these two grievances and any related claims are barred.

Regarding the third and fourth grievances, it appears that Bautista-Aguayo did exhaust his administrative remedies. He filed the claim and properly appealed the outcome; however, these claims are ancillary to the issue now before the Court. Said differently, Bautista-Aguayo's grievances (that he correctly filed and exhausted) relate to his purported mental health conditions that stemmed from the incident with Lee, but were not grievances about the incident itself. The Court allowed Bautista-Aguayo to proceed with an Eight Amendment claim against Lee, however, it is clear from the record that he failed to exhaust the administrative process as required *as to that claim*. Because of this failure, the Court must grant summary judgment in Lee's favor.

### B.  Statute of Limitations

A Prisoner alleging constitutional violations under § 1983 must comply with the applicable state statute of limitations regarding personal injury. *See Owens v. Okure*, 488 U.S. 234-249 (1989); *Action Apt. Ass'n v. Santa Monica Rent Control Opinion Bd.*, 509 F.3d 1020, 1026-1027 (9th Cir. 2007). Idaho Code § 5-219(4) establishes that all actions to recover damages for personal injury must be filed within two years from when the cause of action accrues. The statute of limitations begins to accrue "as of the time of the occurrence, act or omission complained of, and the limitation period shall not be extended by reason of any continued consequences or damages." Idaho Code § 5-219(4). The statute of limitations is tolled while the inmate exhausts administrative grievance procedures pursuant to the Prison Litigation Reform Act. *Brown v. Valoff*, 422 F.3d 926,

943 (9th Cir. 2005).

In this case, Bautista-Aguayo alleges that Lee sexually assaulted him on November 4, 2014. As noted in the Court's Successive Review Order, two years from the date of the alleged incident is November 4, 2016. Dkt.15. Accordingly, Bautista-Aguayo was required to file a complaint on or before November 4, 2016. As discussed *infra*, tolling is inapplicable. Because Bautista-Aguayo's original complaint was not filed until February 2, 2017, his claim is outside of the two year requirement and therefore barred by the statute of limitations.

Here, there is a great deal of confusion regarding the statute of limitations issue. Most notably, as explained above, Bautista-Aguayo conflates his grievances concerning the alleged sexual assault incident itself with his grievances about a lack of mental health treatment he believes he was entitled to following the alleged incident.

In its initial review order, the Court noted the possible statute of limitations problem and allowed Bautista-Aguayo an opportunity to supplement his complaint with appropriate documentation. Dkt. 8 at 4-6. Bautista-Aguayo provided copies of the grievance forms identified above. The grievance filed in March of 2015, and ultimately disposed of in May of 2015, is the form Bautista-Aguayo asserts tolled the statute of limitations in this case. To be sure, under *Brown*, *if* this grievance concerned the subject matter of this lawsuit, it would appear that Bautista-Aguayo's claims were tolled until May 2015 and his lawsuit—filed on February 2, 2017—was timely.

However, as already explained, this grievance form only applied to Bautista-Aguayo's mental health treatment concerns, not his sexual assault allegations. Thus, while it could be argued that a claim for deficiency mental health treatment was potentially tolled, there is no longer any such claim in this case.[4] The sole remaining claim at issue is an Eight Amendment claim relating to the purported sexual assault, however, there are no grievance forms on that subject matter that would toll the applicable limitations period.

Interestingly, it appears that Bautista-Aguayo did in fact file a grievance form related to the sexual assault, however, he did so directly to the Warden. This form is attached to Bautista-Aguayo's Amended Complaint (Dkt. 11-2, exhibit C), was filed on January 17, 2015, and seems to grieve the alleged sexual assault. The Court is somewhat perplexed as to why Bautista-Aguayo used this form as opposed to the official form used in all other grievances—some filed before this "Warden's grievance" and some after—but even assuming arguendo that this Warden form was acceptable under IDOC's grievance procedures and the Prison Litigation Reform Act, the Warden responded to Bautista-Aguayo's complaint on January 24, 2015, thus (according to Bautista-Aguayo himself) completing the grievance process. Dkt. 23-1 at 5.

---

[4] In its successive review order, the Court found that Bautista-Aguayo's mental health claims—while vaguely resembling a deliberate indifference claim—did not "state a claim upon which relief [could] be granted" and dismissed them outright. *See* Dkt. 15 at 3.

Thus, even were the Court to accept this "Warden's grievance" as the basis for tolling Bautista-Aguayo's sexual assault claim, such would have required him to file his lawsuit by January 24, 2017, which he did not do.

To summarize, tolling does not apply in this case as 1) the grievance forms submitted by Bautista-Aguayo do not apply to the claim at issue (and thus do not "toll" that claim for statute of limitations purposes), and 2) the Warden form was fully and finally disposed of on January 24, 2015, more than two years before Bautista-Aguayo filed this lawsuit.

Accordingly, a second, independent basis for summary judgment is that Bautista-Aguayo's claims are barred by the statute of limitations.

## V. CONCLUSION

The Court has reviewed the specific grievance reports and in so doing, finds that Bautista-Aguayo is familiar with the grievance process and understands how to properly file a grievance, appeal a decision, and exhaust his administrative remedies. In fact, he did this with his claims concerning mental health treatment. Critically, however, Bautista-Aguayo did not properly file grievances about the alleged Eight Amendment violation itself. As such, Bautista-Aguayo failed to exhaust his administrative remedies under 42 U.S.C. § 1997e (a) as it pertains to his claim against Lee. Furthermore, under Idaho Code § 5-219(4), Bautista-Aguayo's claim is precluded by the statute of limitations given that the time between the alleged occurrence on November 4, 2014, and the filing of the claim

on February 2, 2017, exceeded two years.

## VI. ORDER

1. Lee's Motion for Summary Judgment (Dkt. 20) is GRANTED.

2. Bautista-Aguayo's Motion to Take Judicial Notice (Dkt. 24) is DENIED.

3. The Court will enter a separate Judgment in accordance with Fed. R. Civ. P. 58.

DATED: February 13, 2019

David C. Nye
Chief U.S. District Court Judge